UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Jorge Quilambaqui | : | |
| | : | CIVIL ACTION NO: |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| Martin Nosal and | : | |
| Nosal Industries, Inc. | : | |
| | : | June 13, 2014 |
| Defendants | : | |

## COMPLAINT

1. Plaintiff Jorge Quilambaqui worked for Defendants Martin Nosal and Nosal Industries, Inc. as a painter from 2009 until April of 2014. During that entire time, despite Mr. Quilambaqui working many hundreds of overtime hours, he never received an overtime premium for hours he worked over forty in a week. Plaintiff brings this action to recover his unpaid wages, as well as liquidated damages, costs, and attorney's fees under the Fair Labor Standards Act and Connecticut statutory provisions.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337, and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is appropriate pursuant to 28 U.S.C. 1391(b) because the events giving rise to this claim occurred within this judicial district.

1

## THE PARTIES

4. Plaintiff Jorge Quilambaqui is a resident of Connecticut. At all times relevant to the Complaint, Plaintiff was an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1) and Connecticut General Statutes §§ 31-58(e) and 31-71a(2).

6. Defendant Nosal Industries, Inc. ("NII") was at all times relevant to the Complaint an enterprise incorporated in the state of Connecticut that did well in excess of $500,000 per year in business. NII purchased and used materials such as paint and ladders that originated outside of Connecticut. NII hired, paid, supervised, and scheduled Plaintiffs and was therefore an employer as that term is defined by the Fair Labor Standards Act, 29 U.S.C. § 203(d) and by Connecticut General Statutes § 31-58(e) and 31-71a(1).

7. Defendant Martin Nosal has residences in Connecticut and Florida. Defendant Nosal operates NII. Defendant Nosal made all relevant decisions regarding hiring, payment of wages, scheduling, and work duties of the Plaintiff. Defendant Nosal employed dozens of workers in Connecticut, and oversaw Plaintiff's work. Therefore, Defendant Nosal was an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d) and Connecticut General Statutes §§ 31-58(e) and 31-71a(1).

## FACTS

8. Jorge Quilambaqui worked for Defendants as a painter from 2009 through 2014.

9. In 2009, Mr. Quilambaqui often worked over 40 hours in a week for Defendants without receiving an overtime premium. For example, between December 14, 2009 and December 20, 2009, he worked approximately 48 hours but received no overtime premium.

10. In 2010, Mr. Quilambaqui often worked over 40 hours in week for Defendants without receiving an overtime premium. For example, between November 16, 2010 and November 22, 2010, he worked approximately 43 hours, but received no overtime premium.

11. In 2011, Mr. Quilambaqui often worked over 40 hours in a week for Defendants without receiving an overtime premium. For example, between December 5, 2011 and December 11, 2011, he worked approximately 54 hours but received no overtime premium.

12. In 2012, Mr. Quilmbaqui often worked over 40 hours in a week for Defendants without receiving an overtime premium. For example, between December 10 and December 16, 2012, he worked approximately 47 hours but received no overtime premium.

13. In 2013, Mr. Quilmbaqui often worked over 40 hours in a week for Defendants without receiving an overtime premium. For example, between November 4 and November 10, 2013, he worked approximately 50 hours but received no overtime premium.

14. In 2014, Mr. Quilambaqui often worked over 40 hours in a week for Defendants without receiving an overtime premium. For example, between April 21, 2014 and April 27, 2014, he worked approximately 48 hours but received no overtime premium.

15. Defendants never posted any notices advising Plaintiffs or other employees of their rights to a minimum wage, overtime, or all wages due, nor in any other way notified Plaintiffs of these rights.

16. On at least one occasion, Mr. Quilambaqui asked his supervisor why he wasn't receiving an overtime premium, and the supervisor commented that if the company were to pay overtime, he would have to take out more money to cover payroll taxes, so it wasn't going to do it.

17.     Defendants falsified Plaintiff's pay records by recording only 40 hours for weeks in which he actually worked more than 40.

## COUNT ONE - FAIR LABOR STANDARDS ACT
**(Overtime)**

18.     By the conduct described above, Defendants violated the Plaintiff's right to be paid an overtime premium consistent with the provisions of the Fair Labor Standards Act, 29 U.S.C. §201, et seq.

19.     The Defendants' conduct as described above was in willful violation of the Plaintiffs' rights pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et seq. As a result of the Defendants' unlawful conduct, the Plaintiff has suffered a loss of compensation from employment that is due and owing to him.

## COUNT THREE - CONNECTICUT GENERAL STATUTES § 31-58, *et seq.*
**(Overtime)**
*Plaintiff Montiel Corte against All Defendants*

20.     By the conduct described above, the Defendants have denied the Plaintiff overtime wages in violation of Connecticut General Statutes § 31-60a and § 31-76c.

21.     By the conduct described above, the Defendants' violations of Connecticut General Statutes were in bad faith, arbitrary, and/or unreasonable.

22.     As a result of the Defendants' unlawful conduct, the Plaintiff has suffered a loss of compensation from employment that is due and owing to him.

## PRAYER FOR RELIEF

WHEREFORE the Plaintiffs pray that the Court award them:

1. All compensation due and owing to them by the Defendants;

2. Liquidated damages in equal amount to their unpaid minimum and overtime wages, pursuant to 29 U.S.C. § 216(b);

4. Double damages for any violation of C.G.S § 31-76c pursuant to C.G.S. § 31-72;

5. Plaintiffs' costs and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and C.G.S. §§ 31-68 and 31-72; and

6. Such other legal or equitable relief as the Court may deem just.

THE PLAINTIFF

By: _/s/_____
James Bhandary-Alexander
Ct28135
New Haven Legal Assistance Assoc.
426 State Street
New Haven, CT 06510
(203) 946-4811
(203) 498-9271 fax
Email: jbhandary-alexander@nhlegal.org
His Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2014, a copy of the foregoing Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ James Bhandary-Alexander